## A93A2210. SMAIL v. DOUGLAS COUNTY, GEORGIA.
### (437 SE2d 824)

BLACKBURN, Judge.

Appellant, Michael Smail, appeals the trial court's award of summary judgment to Douglas County, Georgia, acting by and through the Douglas County Board of Commissioners (the county). The underlying wrongful death action arose out of an incident on August 25, 1990, in which defendants Eric Prince and Eric Waugh[1] dropped a large rock from the North County Line Bridge onto Michael Smail's vehicle which was traveling on Interstate 20. The rock passed through the windshield above the passenger's seat, crushing appellant's wife, Judy Smail, to death.

On June 28, 1990, the Douglas County Sheriff's Department received three reports of incidents involving rocks or other debris being thrown off the North County Line Bridge onto vehicles traveling on Interstate 20. On August 5, 1990, the Douglas County Sheriff's Department received an additional report regarding the same type of incident and on August 25, 1990, two reports were received, including the Smails' incident report. Smail contends that the county is responsible for the death of his wife because the county had knowledge of the previous incidents and did nothing to prevent such incidents. Specifically, Smail argues that the county allowed a continuing nuisance to be maintained which caused the death of his wife. The county contends that the Georgia Department of Transportation (DOT) designed, constructed, and maintained the bridge and that the DOT was responsible for repairs, alterations, or modifications of the bridge.[2] Furthermore, the county asserts that it did increase police patrols in the area of the bridge.

In order to establish a nuisance, as opposed to mere negligence, Smail must show: "(1) The defect or degree of misfeasance must be to such a degree as would exceed the concept of mere negligence. (A single isolated act of negligence is not sufficient to show such a negligent trespass as would constitute nuisance[.]) (2) The act must be of some duration . . . and the maintenance of the act or defect must be continuous or regularly repetitious, and (3) Failure of the municipality to act within a reasonable time after knowledge of the defect or danger-

---

[1] These defendants are not involved in this appeal.

[2] The DOT is an additional defendant in the underlying action, however, it is not involved in this appeal.

ous condition." (Citations and punctuation omitted.) *Denson v. City of Atlanta*, 202 Ga. App. 325, 327 (414 SE2d 312) (1991). "It has been said that pornography cannot be defined but you know it when you see it. A nuisance is in a similar category. While ordinarily whether a nuisance exists is a question of fact for a jury under some factual situations it can be held as a matter of law that no nuisance exists." (Citations and punctuation omitted.) *City of Atlanta v. Chambers*, 205 Ga. App. 834, 839 (424 SE2d 19) (1992). Such is the factual situation in the present case, as Smail's wife was not killed as a result of the county's creation or maintenance of a defect or dangerous condition, Smail can prove no set of facts which would meet the elements of nuisance listed above.

Smail next argues that the county had exclusive law enforcement responsibility for events occurring on the bridge and that it was obligated to protect both the person and property of its citizens, including the deceased, Judy Smail. However, the Georgia Supreme Court has previously required a finding of a *"special relationship* between the individual and the municipality which sets the individual apart from the general public and engenders a *special duty* owed to that individual" in order to subject the governing authority to liability for the nonfeasance of its police department. *City of Rome v. Jordan*, 263 Ga. 26, 28-29 (426 SE2d 861) (1993). As Smail is unable to establish such a relationship between the county and his wife, the trial court was correct in granting the county's motion for summary judgment.

*Judgment affirmed. Johnson, J., concurs. McMurray, P. J., concurs in the judgment only.*

DECIDED OCTOBER 26, 1993 —
RECONSIDERATION DENIED NOVEMBER 9, 1993 

*Hartley, Rowe & Fowler, Joseph H. Fowler*, for appellant.
*Michael J. Bowers, Attorney General, Cathy A. Cox-Brakefield, Assistant Attorney General, Sullivan, Hall, Booth & Smith, Jack G. Slover, Jr., Jeffrey T. Wise, Jennings B. Garbade*, for appellee.